**Yuriy Fedorovich GLISTIN; Galina Glistina, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71838.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, Attorney, John A. Nolet, Esq., Ari Nazarov, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Yuriy Fedorovich Glistin and his wife, natives and citizens of Russia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant in part and deny in part the petition for review, and remand.

■ The record does not compel the conclusion that petitioners have shown changed or extraordinary circumstances to excuse the untimely filing of their asylum application. *See Ramadan v. Gonzales*, 479 F.3d 646, 656–57 (9th Cir.2007) (per curiam).

■ Substantial evidence does not support the IJ's determination that Glistin failed to establish a nexus between the harms that he suffered and one of the protected grounds for withholding of removal. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1129 (9th Cir.2007). Glistin's exposure of arson and weapons theft at government military facilities and the cover-up by government officials was an expression of political opinion. *See id.* at 1129–30. The uncontroverted testimony of Glistin and his wife provided direct evidence that the demotion, threats, beatings, criminal charges, arrest, incarceration, and electric shocks suffered by Glistin were carried out or instigated by government officials in retaliation for his whistleblowing. *See Baballah v. Ashcroft*, 367 F.3d

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1067, 1077 (9th Cir.2004); *Shoafera v. INS*, 228 F.3d 1070, 1075 (9th Cir.2000).

■ Because Glistin has established past persecution, he is entitled to a presumption of eligibility for withholding of removal. *See Baballah*, 367 F.3d at 1079 (9th Cir.2004). Although the IJ considered internal relocation with respect to Glisten's CAT claim, she did not consider it with respect to Glistin's withholding of removal claim, and the legal standard for analyzing relocation is different for a CAT claim than it is for a withholding of removal claim. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122 (9th Cir.2004); 8 C.F.R. § 1208.16(b)(1), (3)(ii). Therefore, we remand for the BIA to determine whether the government met its burden of proof on this record on the question of internal relocation. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Substantial evidence supports the IJ's denial of Glistin's CAT claim. *See Hasan*, 380 F.3d at 1123.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**